**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TIKEL AUGUSTAVE,

Petitioner,

v. Case No. 3:26-cv-3054-WWB-SJH

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

# ORDER

Petitioner is proceeding pro se on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging, *inter alia*, that Immigration and Customs Enforcement's mandatory detention of him under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("**INA**"). (Doc. 1 at 2, 6–7). As relief, he requests release or, alternatively, an individualized bond hearing under § 1226(a). (*Id.* at 7).

Federal Respondents' position is confusing: on the one hand, they argue Petitioner failed to exhaust his administrative remedies because he has not requested a bond hearing, saying, "Given the binding nature of *Hernandez Alvarez* on the Immigration Courts, seeking custody redetermination through a bond hearing is no longer futile"[1]; but on the other hand, they maintain Petitioner is properly subject to mandatory detention under § 1225(b)(2)(A)—which would mean he is not entitled to a bond hearing—even

---

[1] *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1276 (11th Cir. 2026) ("The text of § 1225(b)(2)(A) is clear that mandatory detention applies only to . . . arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior.").

though he has been charged with being "present in the United States without being admitted or paroled." (*See generally* Doc. 5; *see also* Doc. 5-3 at 1). They assert without explanation or case citations that this "case is factually and legally distinct from recent cases finding § 1225(b)(2)(A) an inapplicable basis for detention." (Doc. 5 at 5).

Considering the opinion in *Hernandez Alvarez* and Federal Respondents' concession that Petitioner was detained in the interior of the country, not at the border, (*see id.* at 2; *see also* Doc. 5-3 at 1), the Court grants Petitioner's claim that his mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the INA.[2]

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an immigration judge in accordance with 8 U.S.C.

---

[2] The Court notes it has previously found that aliens, like Petitioner, who have resided in the United States without lawful admission are subject to mandatory detention under § 1225(b)(2)(A). *See Arellano v. Warden, Baker Corr. Inst.*, No. 3:25-cv-1333-WWB-PDB, 2026 WL 1090987, at *2 (M.D. Fla. Apr. 22, 2026) (adopting the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained") and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention)). While the Court disagrees with the majority's opinion in *Hernandez Alvarez*, finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

§ 1226(a).[3] Within **seven days** of the date of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall provide him with access to a telephone to arrange transportation from the detention facility.

2. The Warden's Motion to Dismiss (Doc. 7) is **DENIED**.
3. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on November 20, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6
c: Tikel Augustave, #A216929071
Counsel of Record

[3] Because the Court grants relief on Petitioner's claim under the INA, it need not address Petitioner's other claims for relief. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).